```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CANER DEMIRAYAK,                                                 :
                                                                 :
                        Plaintiff,                               :
                                                                 :
                v.                                               :     DECISION & ORDER
                                                                 :     17-CV-5205 (WFK)(RER)
CITY OF NEW YORK, NEW YORK CITY                                  :
DEPARTMENT OF CITYWIDE                                           :
ADMINSITRATIVE SERVICES, LISETTE                                 :
CAMILO, RICK D. CHANGLDER P.E. IRA,                              :
GLUCKMAN RA, NEW YORK CITY                                       :
DEPARTMENT OF BUILDINGS, STATE OF                                :
NEW YORK, OFFICE OF COURT                                        :
ADMINISTRATION, & BARRY CLARK,                                   :
                                                                 :
                                                                 :
                        Defendants.                              :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 5, 2017, Plaintiff filed a complaint alleging Defendants failed to provide access to persons with physicals disabilities within the Kings County Supreme Court located at 360 Adams Street in Brooklyn, in violation of the Americans with Disabilities Act, Rehabilitation Act, and New York City Human Rights Law. ECF No. 1. On June 5, 2019, the City Defendants raised the affirmative defenses of statute of limitations and contributory negligence in their answer to Plaintiff's supplemental complaint. ECF No. 146. On August 8, 2019, Plaintiff moved to strike theses affirmative defenses. ECF No. 155. The City Defendants opposed this motion and, in the alternative, sought leave to file an amended answer to the Second Amended Complaint. ECF No. 159. For the reasons stated below, Plaintiff's motion is DENIED and Defendants' motion is DISMISSED as moot.

## BACKGROUND

On September 5, 2017, Caner Demirayak ("Plaintiff") filed a complaint against The City of New York, New York City Department of Citywide Administrative Services ("DCAS"), DCAS Commissioner Lisette Camilo, New York City Department Of Buildings ("DOB"), DOB Commissioner Rick D. Chandler, P.E. and DOB Brooklyn Borough Commissioner Ira, Gluckman Ra, (collectively, "City Defendants"), the State of New York, the Office of Court Administration ("OCA"), and Barry Clark (collectively, with City Defendants, "Defendants").

1

ECF No. 1.  Plaintiff alleges Defendants failed to provide access to persons with physicals disabilities within the Kings County Supreme Court located at 360 Adams Street in Brooklyn, in violation of the Americans with Disabilities Act, Rehabilitation Act, and New York City Human Rights Law.  ECF No. 1.  Defendants filed—and were granted—three separate motions for extensions of time to respond to the Complaint.  ECF No. 7, 10, 12.  On October 25, 2017, before Defendants filed an answer to the initial complaint, Plaintiff filed the First Amended Complaint.  ECF No. 14.  On December 1, 2017, OCA Defendant filed their answer to the First Amended Complaint, raising the affirmative defense that Plaintiff's claims were barred by the statute of limitations.  ECF No. 25.   After the Court granted an extension of time to file an answer, ECF No. 24, the City Defendants filed their answer on December 6, 2017, ECF No. 29.  The answer to the First Amended Complaint included the following affirmative defenses:

> "For a First Defense: At all times relevant to the allegations in the Complaint, City Defendants acted reasonably, lawfully, properly, without malice, and in good faith.
>
> For a Second Defense: City Defendants did not violate Plaintiff's rights, privileges, or immunities under the ADA, section 504 of the Rehabilitation Act, the Constitution or any other laws of the United States or the State of New York or any political subdivision therefore."

*Id.*  Plaintiff filed a Second Amended Complaint on January 3, 2018.  ECF No. 34.  On June 22, 2018, the State of New York and Barry Clarke moved to dismiss the Second Amended Complaint.  ECF No. 72.  Their motion was denied on January 23, 2019.  *Id*.  On March 8, 2019 the State of New York and Barry Clarke filed an answer to the Second Amended Complaint raising the affirmative defenses of contributory negligence and the statute of limitations.  ECF Nos. 127, 128.

On May 6, 2019, all parties consented to Plaintiff's filing of a supplemental complaint.  ECF No. 140.  This supplemental complaint did "not add any new parties, claims or causes of actions."  *Id.*  Instead, Plaintiff sought to include "several new and recurring discriminatory

instances which had all occurred after Plaintiff filed his Second Amended Complaint on January 3, 2018." *Id.* On June 5, 2019, the City Defendants asserted the following additional affirmative defenses in their answer to the supplemental complaint:

> "For a Third Defense: Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.
>
> For a fourth Defense: Any injuries or damages alleged in the Supplemental Complaint were caused in whole or in part, by Plaintiff's own culpable or negligent conduct, or by his failure to take advantage of reasonable accommodations made available to him at the Brooklyn Courthouse."

ECF No. 146. The State of New York and Barry Clarke continued to assert affirmative defenses of statute of limitations and contributory negligence in their answers to the supplemental complaint. ECF No. 143, 144. On August 8, 2019, Plaintiff moved to strike the third and fourth affirmative defenses alleged in City Defendants' answer to the supplemental complaint. ECF No. 155. City Defendants opposed this motion and, in the alternative, sought leave to file an amended answer to the Second Amended Complaint. ECF No. 159.

Though a five-day trial in this action was initially set to begin on Monday, July 13, 2020, ECF No. 142, it has been twice adjourned due to the COVID-19 pandemic and is scheduled to begin on Monday, April 4, 2022, ECF Nos. 183, 190.

## DISCUSSION

Plaintiff's motion to strike is denied because he fails to demonstrate how the City Defendants' third and fourth affirmative defenses prejudice him. Federal Rule of Civil Procedure 12(f) provides that a court may strike an affirmative defense involving any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." On a motion to strike, courts in the Second Circuit apply the plausibility standard of *Twombly*, but with the recognition that *Twombly* requires a "context-specific" approach. *GEOMC Co., Ltd. v.*

*Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Motions to strike are "generally disfavored." *Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 425 (E.D.N.Y. 2020) (Brodie, J.) (collecting cases). "In order to prevail on a motion to strike [an affirmative defense], a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co.*, 918 F.3d at 96 (citing *S.E.C. v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999) (Kram, J.)). Whether a Plaintiff is prejudiced by an affirmative defense "will normally depend on when the defense is presented. A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation . . . . On the other hand, prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation . . . ." *GEOMC Co.*, 918 F.3d at 98–99 (internal citations and quotations omitted).

Plaintiff has not been prejudiced by the City Defendants' failure to raise the third and fourth affirmative defenses prior to their answer to Plaintiff's supplemental complaint. Plaintiff has had sufficient notice of the statute of limitations and contributory negligence defenses raised by the City Defendants, as they have been repeatedly asserted by other Defendants in this action. *See, e.g.*, ECF No. 127 (State of New York, Answer to Second Amended Complaint); ECF No. 128 (Barry Clarke's Answer to Second Amended Complaint); ECF No. 24 (Office of Court Administration Answer to Amended Complaint). As such, Plaintiff's argument that he would be unduly burdened by additional discovery is unavailing. *See* ECF No. 157, Plaintiff's

4

Memorandum of Law in Reply to Opposition of City Defendants.  Even so, as of the date of this decision, discovery is ongoing and trial is over a year away, leaving Plaintiff sufficient time to marshal evidence and arguments in his favor.  Because Plaintiff has failed to demonstrate prejudice from the inclusion of the City Defendants' third and fourth affirmative defenses, Plaintiff fails to satisfy the requirements to prevail on a motion to strike.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is hereby DISMISSED, ECF No. 155, and the City Defendants' cross-motion for leave to file an amended answer to the Second Amended Complaint is DISMISSED as moot, ECF No 159.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
STATES DISTRICT JUDGE

Dated:     March 31, 2021
           Brooklyn, New York